**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| GERLY JIMENEZ MARTINEZ, <br><br>     Petitioner, <br><br> v. <br><br> CHRISTOPHER BULLOCK, Acting Director of the New Orleans Field Office of ICE, in his official capacity, <br><br>     Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br> No. 2:26-cv-02439-SHL-tmp |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Gerly Jimenez Martinez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed April 17, 2026.  (ECF No. 1.)  Petitioner challenges his continued immigration-related detention in the West Tennessee Detention Facility without a bond hearing as violative of his Fifth Amendment rights and the Immigration and Nationality Act ("INA"), and seeks immediate release from Respondent's custody.  (Id. at PageID 2, 10, 12–13.)  Respondent responded in opposition on April 23.  (ECF No. 9.)  Petitioner replied the same day.  (ECF No. 10.)  Respondent now concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026), "controls the outcome of this matter."  (ECF No. 14 at PageID 62.)

For the reasons stated below, the Petition is **GRANTED**.

**<u>BACKGROUND</u>**

Jimenez Martinez is a citizen of Mexico who entered the United States approximately ten years ago at an unknown location.  (ECF Nos. 1 at PageID 3; 9-2 at PageID 41.)  He has minor traffic violations in his criminal record.  (ECF No. 9-2 at PageID 41.)  On October 31, 2025, ICE

officers arrested him after responding to a sheriff's call at a traffic stop in Jackson, Tennessee. (ECF Nos. 1 at PageID 3; 9 at PageID 26.)  ICE subsequently served him with a Notice to Appear ("NTA"), charging him with being a noncitizen unlawfully present in the United States under the INA.  (ECF No. 9-1 at PageID 36.)  Petitioner has been in Respondent's custody at the West Tennessee Detention Facility since, and has not received a bond hearing.

Petitioner filed the Petition on April 17.  (ECF No. 1.)  Respondent filed an initial response on April 23, arguing that Petitioner was properly detained under 8 U.S.C. § 1225 and not entitled to a bond hearing.  (ECF No. 9.)  However, after the Court ordered Respondent to update his position in light of the Sixth Circuit's Lopez-Campos decision, (ECF No. 13), Respondent filed a Notice on May 20, conceding that Lopez-Campos governs this matter (ECF No. 14).

## ANALYSIS

Petitioner challenges his mandatory detention at the West Tennessee Detention Facility and seeks immediate release from Respondent's custody.  (ECF No. 1 at PageID 4–8.)  He argues that Respondent unlawfully purported to detain him under 8 U.S.C. § 1225, and that he was denied a bond hearing in violation of his due process right to such a hearing under 8 U.S.C. § 1226.  (Id.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 14 at PageID 62.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. (citing Lopez-Campos, 2026 WL 1283891, at *11).)

Nonetheless, Respondent maintains that "the Court should require Petitioner to exhaust

his administrative remedies" before granting relief.  (Id. at PageID 63 n.1.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent furthers contend that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 14 at PageID 63 (footnote omitted).)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."  Lopez-Campos, 2026 WL 1283891, at *13. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 22nd day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE